# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NEW AFRIKAN INDION CLON BOND SOCIAL INSTITUTIONAL RELIGION COUNSEL AND INDEPENDENT REPRESENTATION OF THE BLACK INDIONS IN THE CHEROKEE TRIBE, f/k/a/ New East Afrikon Allegiance Council, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 4:20-CV-937-RWS |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Robert O. Dinkins, an incarcerated person at the United States Penitentiary in Atlanta, Georgia, filed this action without paying the filing fee or filing an application to proceed in the district court without prepayment of filing fee and costs.[1] On its own motion, the Court will grant plaintiff in forma pauperis status and dismiss the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] Mr. Dinkins filed this case nominally as the "New Afrikan Indion Clon Bond Social Institutional Religion Counsel and Independent representation of the Black Indions in the Cherokee Tribe." Mr. Dinkins is a frequent filer of lawsuits in this district, some of which have been dismissed on initial review under 28 U.S.C. § 1915(e) or for failure to follow court order. *See, e.g.*, *Dinkins v. US Marshals, et al.*, No. 4:18-CV-814-JCH (E.D. Mo. filed May 28, 2018); *Dinkins v. U.S. Penitentiary Atlanta*, 4:19-CV-2398-PLC (E.D. Mo. filed Aug. 20, 2019). Plaintiff has also filed six motions to vacate pursuant to 28 U.S.C. § 2255. *See Dinkins v. USA*, No. 4:20-CV-133-AGF (E.D. Mo. filed Mar. 30, 2020) (discussing lengthy procedural history of movant's § 2255 motions).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

**The Complaint**

The seventy-five page handwritten complaint filed in this case is titled "general – motion of habeas corpus and 2241 citing the 14th Amendment due process clause 5th Amendment due process clause, Equal Protection clause pursuant to Oklahoma Supreme Court case on tribal sovereignty 2020 of June writ of assistance brief."  The first sixteen pages of the document are a disjointed, stream of consciousness narration that forms no legal theory and seeks no appropriate relief.  Subjects of the narrative include genocide, the Black Panthers, the Cherokee Nation, spirituality, and the establishment of a "New Afrikon Indian Clan Band Cooperative SLLC in Indian Reservation of Oklahoma."  The following fifty-eight pages appear to be a screenplay titled "Zombie Lok, A Tribal Adult Drama Film by Armorgeddon."

**Discussion**

Based on the complaint, the Court finds plaintiff's claims lack an arguable basis in either law or fact, and are frivolous.  Any legal theories are indisputably meritless and the factual

allegations are "fanciful," "fantastic," and "delusional." *See Denton* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). Thus, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as the complaint is legally frivolous.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of September, 2020.

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE